In the Matter of the Arbitration between ANGELO G. CHERRO, as President of United Shoe Workers of America, Local No. 141, Petitioner, and TRUITT BROTHERS, INC., Respondent.

Supreme Court, Special Term, Broome County, June 29, 1949.

*Harry Sacher* for petitioner.

*Seligman & Seligman* for respondent.

NEWMAN, J.  On the 1st of April, 1947, the petitioner labor union and the respondent employer entered into an agreement which, among other things, provides:

" Third: Discharges

" The Employer may discharge any employees only for just and sufficient cause.  Before such discharge shall become effective, he shall first notify the Union in writing, stating facts constituting the cause for the requested discharge, and the Union shall make an investigation thereof.  After the Union has made its investigation, it may consent to the request for discharge. Should the Union, after having made its investigation, deny the request for discharge, the Employer may refer the matter to arbitration.  No employee shall be discharged, suspended or laid off pending an application by the Union and a decision by the Arbitrator.

" Thirteenth: Distribution of Work-Slack Time

" (A) It is agreed that during the slack period or whenever there is insufficient work, the available work shall be divided substantially equal among all employees regularly employed on said work; no crew, however, shall be required to report to work when there is no work.

" Eighteenth: Arbitration

" Should any dispute or grievance arise between the parties hereto, of whatsoever character, the matter shall be settled by the Union representatives and the Employer within two (2) days. Upon failure to agree, the matter shall be settled by arbitration. The aggrieved party shall notify the other in writing of such grievance or dispute by Registered Mail, and the aggrieved party shall refer the matter to the New York State Board of Mediation for the appointment of an Arbitrator. The arbitrator's decision shall be final and binding upon both parties.

" Should either side fail or refuse to appear before the Arbitrator, the Arbitrator may render a decision with the same force and effect as if all the parties concerned had appeared before him and offered proof, and such decision and award shall be final, conclusive and binding on all parties, and the parties stipulate and consent that the decision and award may be enforced by appropriate action in the court of law or equity."

Due to a lack of orders, on November 26, 1948, the employer laid off certain employees without the consent of the union and now claims that under the third section of the amendment to the fourth paragraph, which section reads as follows: " In the event of a decrease in production making it necessary to lay off an operator, the youngest operator in length of service on that particular line is to be the first laid off," it had a right to do so in the manner in which it did. The union claims that instead of laying off the employees, the work should have been distributed among all employees regularly employed on said work, as provided in paragraph thirteenth.

The arbitration clause is all-inclusive and the petitioner's motion is granted. We refrain from expressing any opinion in regard to the merits of the controversy. We simply hold that, according to the contract of the parties, they had agreed that all controversies of whatsoever character should be decided by arbitration and that both parties are bound by their contract.

Submit order.